825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STOP-N-GO FOODS, INC., Petitioner, Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.
 Nos. 86-5686, 86-5794
 United States Court of Appeals, Sixth Circuit.
 July 27, 1987.
 
 Before KEITH, KENNEDY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stop-N-Go-Foods, Inc., asks this court to set aside two orders of the National Labor Relations Board. The first, an order dated January 6, 1986, vacated the Board's order of August 13, 1985, which approved a joint motion by Stop-N-Go and the general counsel for the Board. The joint motion sought permission for Stop-N-Go to withdraw its pending exceptions to an administrative law judge's decision which found it had committed an unfair labor practice, and sought approval of a settlement agreement between the parties to the motion and remand of the cause to the regional director for implementation of the settlement. Pursuant to the second order, dated April 30, 1986, the Board affirmed the decision of the A.L.J.
 
 
 2
 It is clear from the record that the Board, on August 13, 1985, approved the settlement agreement arrived at between Stop-N-Go and the general counsel. However, it is also clear that, when the matter was remanded for implementation of the settlement, the charging party declined to accept the job she was offered by Stop-N-Go, as called for by the agreement. In seeking to have the settlement set aside, the general counsel contended that there had been a mutual misunderstanding between that office and Stop-N-Go as to precisely what job was to be offered. Stop-N-Go countered that, if there was any mistake, it was solely that of the general counsel.
 
 
 3
 Without agreeing with either party, the Board vacated its earlier settlement approval on the ground that it had been improvidently allowed. The Board noted that the charging party had not been provided with notice of the terms of the settlement and an opportunity to object.
 
 
 4
 Ordinarily, only a party entitled to notice will be heard to complain of lack of notice. The notice problem was here raised by the Board, sua sponte. Even had the charging party received notice and objected to the terms of the settlement, her consent was not required for approval and implementation of the settlement. Nevertheless, the circumstances of this case illustrate the merit in affording notice and an opportunity to object, as one can assume that her unwillingness to accept that particular job would have been manifested by objection and that the parties would have had an opportunity to negotiate that point, prior to the Board's considering the settlement.
 
 
 5
 By declining the position when it was offered after the settlement was approved, the charging party entered a de facto objection to the settlement. Accordingly, under the unique circumstances of this case, it was not an abuse of discretion for the Board to attempt to unwind the affair by vacating the settlement and placing the parties in the position they were before the settlement was approved. At that point, the parties were free to consider the de facto objection and to renew settlement negotiations. The charging party could then have been provided with notice of the terms of any resulting settlement.
 
 
 6
 Turning now to the order of April 30, 1986, we have carefully reviewed the record, and are unable to say that the decision is not supported by substantial evidence. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); NLRB v. A & T Mfg. Co., 738 F.2d 148, 149 (6th Cir. 1984). Nor do we find an abuse of discretion in the A.L.J.'s having refused the proffered testimony from Diana Durr, in view of its questionable relevancy, since the proffer was not of testimony about an invariable practice of Stop-N-Go. By the same token, we are unable to say that the Board abused its discretion by the manner in which it required that employment be offered the charging party.
 
 
 7
 Accordingly, the petition is denied, and the orders of the National Labor Relations Board are ENFORCED.